Smith, J.
The first question which arises in this case is, whether the act of April 21st, 1886, amendatory of, and repealing section 994, Revised Statutes, as it before stood, and which new act *254 provided for the election of five members of the board of control in counties containing a city of the first grade of the first class, one of whom should be chosen on the first Tuesday after the first Monday in November, annually, and whose term of office shall commence on the first Tuesday in January next after his election, and continue five years, is in conflict with section 2, article 10, of the constitution of the state, which provides that “county officers shall be elected on the first Tuesday after the first Monday in November, by the electors of each county, in such manner, and for such term not exceeding three years, as may bo provided by law. And the second question is, whether, if it be in conflict therewith, either of the defendants, all of whom were elected under the provisions of this section for the term of five years, may legally exercise and discharge the duties and functions of such office for three years from the time that his term of office commenced, if his election had been valid.
We are of the opinion that the first of these questions must be answered in the affirmative. That such a position or trust attempted by the act in question to be created in counties in which is situated a city- of the first grade of the first class, under the provisions of section 1, article 10, of the constitution, which gave to the general assembly the right to provide by law for the election of such county officers as may be necessary, was a county office, and so much of said act as fixed the term of such officers at five years, was in direct- conflict with the section of the constitution above quoted, and therefore absolutely void.
In the second place, we think it equally clear that a person, elected under such statute for a term of five years, cannot legally exercise the duties of such office for three years, or for any less period. If the constitution provided that all county officers should be elected for three years for instance, and a law was passed fixing the term at five years, it may well be that a person elected under such statute for five years would hold the office for three years, for in such case, the constitution, the organic law, having fixed the term definitely, so *255 much of the statute as attempted to change this, would be invalid, and the rest of it stand. 14 California 181. But as no such definite term for county officers is fixed by our constitution, but it may be for any term uot exceeding three years, there is no valid law or any constitutional provision which fixes the term, and the persons so elected, under the unconstitutional provision, have no right to exercise the duties of such office for any term or time.
J. M. Dawson, for relator.
Davidson & Plertenstein, County Solicitors, for defendants,
See People v. Perry, 79 Cal. 105-113; Nevada v. Harris, 19 Nevada, 222.
We have reached these conclusions with reluctance. By various acts, (the first passed in 1872), the legislature has expressed its judgment that in a county containing a city of the first grade of the first class, the interests of the public require that there should be a board of control with certain powers and duties. It has been continued in existence until this time. But on the amendment of the constitution in 1885, changing the day on which elections for county officers should be held, it became necessary to change, by law, the date at which the election for this office should be held, (it having previously been held in April), and at that time, by accident, or inadvertance, it may be, the statute fixed the term at five years. This purpose of the legislature in the creation and continuation of this board, is entitled to the highest respect on the part of the courts, and no part of the statute should be held invalid, if on any sound principle it can be upheld. In addition to this, it would seem to be a matter of general knowledge that the practical working of the system has been of great advantage to the public.
But entertaining the opinions we do, we see no escape • from the conclusion that the prayer of the petition must be granted. The legislature being now in session, such action may be taken, (if in its judgment any action is needed), as to it may seem right and proper.